STEPHEN C. PECORARO AND JUDY D. PECORARO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pecoraro v. Commissioner
Docket No. 25155-88
United States Tax Court
T.C. Memo 1990-52; 1990 Tax Ct. Memo LEXIS 48; 58 T.C.M. (CCH) 1323; T.C.M. (RIA) 90052; January 30, 1990
*48 Ps filed a petition with this Court 440 days after the notice of deficiency was mailed. R moved to dismiss the petition in this proceeding for lack of jurisdiction. Ps' former counsel submitted a U.S. Postal Service Form 3811 return receipt card as proof of timely filing. The submitted return receipt card was from another case in which Ps' former counsel was the attorney of record. The handwritten delivery date on the submitted return receipt card had been altered. Held, Ps failed to prove that they timely filed a petition in this case. Accordingly, R's motion to dismiss for lack of jurisdiction is granted. Robert W. Nuzum, for the petitioners. Dale P. Kensinger, Terry W. Vincent and Chris J. Ray, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Chief Judge: Respondent determined the following deficiency in and additions to petitioners' 1983 Federal income tax: Additions to Tax - Sections
Year
Deficiency
6621(c)
6653(a)(1)
6653(a)(2)
6661
1983
$ 173,556.45
to be
$ 8,677.82
50% of
$ 43,389.11
determined
interest due
on $ 173,556.45
(Unless otherwise indicated, all section references are to sections2 of the Internal Revenue Code in effect for 1983. All Rule references are to the Tax Court Rules of Practice and Procedure.) This case is before the Court on respondent's motion to dismiss the petition in this proceeding for lack of jurisdiction. FINDINGS OF FACT
*50 On July 14, 1987, respondent mailed a statutory notice of deficiency dated July 14, 1987, for the taxable year 1983 to petitioners at their last known address (R.D. 1, Box 191H Kearney, Missouri 64060). Petitioners retained attorney Michael P. O'Keefe (O'Keefe) to represent them and file a petition on their behalf. On July 22, 1988, a petition was filed with the Court in another case, Robert L. McKinney and Lavona M. McKinney v. Commissioner, docket No. 19129-88. O'Keefe was the attorney of record in the McKinney case. O'Keefe prepared and filed the petition in McKinney. The envelope in which the petition in the McKinney case was mailed to the Court has a certified mail sticker attached to its face. Article number P-491 765 186 is printed on the certified mail sticker in print type OCR 85. "CERTIFIED MAIL/RETURN RECEIPT REQUESTED" is written on the envelope. On September 22, 1988, O'Keefe mailed a petition to the Court on petitioners' behalf, which was received by the Court on September 26, 1988. O'Keefe attached a cover letter to the petition which stated in part as follows: Attached to this letter are office copies of a cover letter and Petition (with *51 attachments) dated September 23, 1987. Those documents were prepared with regard to the same tax assessment disagreement for which the above notice of September 21, 1988 Petition has been prepared. The September 23, 1987 Petition was sent to the U.S. Tax Court by certified mail seventy-one (71) days after the July 14, 1987 Notice of Deficiency. Also attached to this letter is a copy of the certified mail/return receipt, No. P491-765-186, dated September 28, 1987 and signed by J. E. Noland. However, for reasons yet unknown, the September 23, 1987 Petition was not filed with the U.S. Tax Court, and, despite a diligent search of the Court's records and files, that Petition has not been found. A thorough search of the Court's records revealed that no petition dated September 23, 1987, for petitioners' taxable year 1983 had been received. On October 6, 1988, the Court ordered O'Keefe to submit the original return receipt card, Postal Service Form 3811, corresponding to the earlier petition that he claimed had been mailed on September 23, 1987. On October 17, 1988, O'Keefe submitted to the Court a Form 3811 bearing handwritten article number P 491 765 186 (the Form 3811). This is *52 the same article number that was printed on the certified mail sticker attached to the envelope in which the McKinney petition had been mailed to the Court. O'Keefe attached a cover letter to the submitted Form 3811 which stated in part as follows: Please find enclosed herewith the original of return receipt card, Postal Service Form 3811, which was manually signed and dated apparently on September 28, 1987, by an employee of the U.S. Tax Court. On November 22, 1988, respondent filed a motion to dismiss the petition in this proceeding for lack of jurisdiction because it was not filed within 90 days after the notice of deficiency was mailed to petitioners, as provided in sections 6213(a) and 7502. On December 16, 1988, O'Keefe filed a notice of objection to respondent's motion on petitioners' behalf. The notice of objection states in pertinent part as follows: 1. That this Court ordered on October 6, 1988 that the Petitioners send to the Court on or before October 24, 1988 the original return receipt card from the Postal Service. 2. That by Petitioners' October 17, 1988 letter, copy of which is attached hereto, such order was fully complied with. On April 19, 1989, a *53 hearing on respondent's motion was held at Washington, D.C. At this hearing, O'Keefe stated that he could not locate the certified mail receipt for the petition that he alleged was mailed on September 23, 1987. He further stated that he was unable to locate the certified mail receipt or the Form 3811 return receipt card used in mailing the McKinney petition. Thereafter, the Court declared its intention to submit the Form 3811 to the Forensic Laboratory of the Internal Revenue Service Criminal Investigation Division for examination. On May 10, 1989, the Court submitted the Form 3811 to the Forensic Laboratory. Larry A. Olson, an examiner of questioned documents at the Forensic Laboratory (the forensics expert), examined the Form 3811 by non-destructive, physical means using microscopy, ultraviolet light and infrared light (via an infrared image converter). On July 26, 1989, the Court held a second hearing on respondent's motion to dismiss at Washington, D.C. At the hearing, O'Keefe appeared and submitted a letter addressed to him from petitioners which states in part as follows: Judy and I do not wish you to represent us any further in our present tax problem with the *54 IRS. Specifically, we do not wish you to represent us in Washington on July 26 in the tax court. By Court Order, O'Keefe was withdrawn as petitioners' counsel pursuant to Rule 24(c). O'Keefe was replaced by attorney Robert W. Nuzum, who appeared at the hearing and filed an entry of appearance on petitioners' behalf. At the hearing, the forensics expert submitted a videotape documenting his examination of the Form 3811. He testified that the handwritten delivery date on the Form 3811 had been altered by overwriting and that the original delivery date was either "7/22/86" or "7/22/88." Margaret Falwell, a senior classification support specialist at the United States Postal Service (the postal expert), testified that article number P-491 765 186 had been printed on only one certified receipt prior to April 2, 1989, in print type OCR 85. On September 8, 1989, respondent filed a memorandum brief in support of his motion. Petitioners did not file a memorandum. OPINION Section 6213(a) provides that a petition must be filed with the Tax Court within 90 days from the date on which the statutory notice of deficiency is mailed. Unless a petition is filed within such 90-day period, *55 this Court does not acquire jurisdiction of the case. ; . Filing is generally completed when a petition is received by the Court. . An exception to this rule occurs in the case of a petition timely sent by United States certified mail, although received by this Court after the due date for filing. Section 7502(c)(2); section 301.7502-1(c)(2), Proced. & Admin. Regs. O'Keefe claims that he prepared a petition and a clerical person in his office mailed it to the Court on September 23, 1987, by United States certified mail. Section 301.7502-1(d)(1), Proced. & Admin. Regs, provides that if a petition is not delivered to the Court, proof that a postmarked certified sender's receipt was properly issued and that the envelope was properly addressed to the Tax Court constitutes prima facie evidence of delivery. See . O'Keefe failed to produce a certified mail receipt as required by the regulation. Therefore, *56 petitioners do not come within the safe harbor for certified mailing. See . Because petitioners do not satisfy any of the exceptions provided in section 7502, they must establish that their alleged September 23, 1987, petition was actually and timely received by the Court. See . Petitioners contend that a petition was delivered to the Court on September 28, 1987. In support of this contention, O'Keefe submitted the Form 3811 which he alleges bears a delivery date of "9/28/87" and, thus, proves that petitioners' petition was filed within the 90-day period. The Court has no record of receiving such a petition. O'Keefe implies that the Court received and misplaced the petition. We find his argument to be specious. The handwritten delivery date on the Form 3811 was altered by overwriting prior to the submission of the Form 3811 to the Court. The forensics expert testified that the delivery date on the Form 3811 submitted by O'Keefe had been altered by overwriting, and the actual delivery date was either "7/22/86" or "7/22/88." This latter date *57 is the exact date upon which the petition in the McKinney case was received and filed with the Court. The Form 3811 submitted by O'Keefe bears the same article number as the certified sticker on the envelope in which the McKinney petition was mailed to the Court. The postal expert testified that this article number was not used again by the United States Postal Service on a certified receipt in print type OCR 85 until April 2, 1989, or well after the mailings in dispute. We find that the delivery date on the Form 3811 was altered. O'Keefe submitted the Form 3811 that was used in the McKinney case. Under section 7503, the 90-day period expired on Tuesday, October 13, 1987, because Monday, October 12, 1987, was a legal holiday in the District of Columbia. The only petition filed in this case was the petition filed on September 26, 1988, which date is 440 days after the notice of deficiency was mailed to petitioners. Accordingly, respondent's motion to dismiss for lack of jurisdiction must be granted. The facts of this case are extremely disturbing. The ability of the Tax Court to function effectively and properly adjudicate the controversies brought before it is *58 in large part dependent on the honesty and integrity of the attorneys and other representatives who appear before us. As officers of this Court, attorneys owe a duty to assist the Court in the administration of justice, not to perpetrate a fraud upon it. We recognize that petitioners are in no way personally culpable and are being denied access to this Court because of their former attorney's failure to timely file their petition. While sympathizing with petitioners' plight, we cannot provide them with relief. See . An appropriate order will be issued.